# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA K. PALMER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. 11-CV-942 JLS (BLM)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 14, 15, 18) |

　　　Presently before the Court are cross motions for summary judgment by Plaintiff Teresa Palmer and Defendant Michael J. Astrue, Commissioner of Social Security. (Pl.'s MSJ, ECF No. 14; Def.'s MSJ, ECF No. 15.) Also before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Major advising the Court to grant in part Plaintiff's motion and to deny Defendant's motion. (R&R, EFC No. 18.) Defendant has filed objections to the R&R (Objs., ECF No. 19) and Plaintiff has replied to those objections (Reply, ECF No. 20). Having carefully considered the parties' filings, the R&R, and the applicable law, the Court **ADOPTS** Magistrate Judge Major's Recommendation and Report, **GRANTS IN PART** Plaintiff's motion for summary judgment, **DENIES** Defendant's cross-motion for summary judgment, and **REMANDS** this matter for further administrative proceedings.

## BACKGROUND

The Court finds that the background facts contained in the R&R are both accurate and complete. Further, Defendant has not objected to this aspect of the R&R. Therefore, the Court incorporates the R&R's "Procedural History" section by reference here. (R&R at 2.)

## LEGAL STANDARDS

### 1. Review of the Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, the Court has no obligation to review a legal conclusions to which neither party objects. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### 2. Review of a Denial of Disability Claim

When an applicant's claim for disability benefits under the Social Security Act has been denied, she may seek judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing Court will reverse the Commissioner's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)); *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). This inquiry looks to the record as a whole. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). However, if the evidence supports more than one interpretation, the Court must uphold the Administrative Law Judge's ("ALJ") decision. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "Where, as here, the

1  Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ
2  represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359
3  F.3d 1190, 1193 n.1 (9th Cir 2004) (citing 20 C.F.R. § 404.981).
4      In order to qualify for disability benefits, an applicant must show that she is "disabled,"
5  meaning (1) that she suffers from a medically determinable impairment that can be expected to last
6  for a continuous period of twelve months or more, or would result in death, and (2) the impairment
7  renders applicant incapable of performing the work she previously performed or any other
8  substantially gainful employment that exists in the national economy.  42 U.S.C. §§ 423(d)(1)(A),
9  (2)(A).  To evaluate the applicant's claim, an ALJ must apply a five-step analysis.  20 C.F.R.
10 § 404.1520.

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled. If not, the claimant is disabled.

18 *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  A claimant bears the burden of proof with
19 respect to the first four steps, but for the fifth step the burden shifts to the Commissioner. *Id.*
20 (citing  *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

## ANALYSIS

**1.    Summary of R&R's Conclusions**

In the R&R, Magistrate Judge Major reviewed ALJ Muskrat's written decision determining Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (R&R 2.) The R&R recounts the ALJ's conclusion that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment.'" (*Id.* at

1  3.) Judge Major next turned to the task of determining whether the ALJ had properly applied the
2  two-part test for evaluating a claimant's subjective claims. (*Id.* at 4-5.) Judge Major explained
3  that this two-part test requires the ALJ to have "specific, clear and convincing reasons" for
4  rejecting the claimant's testimony about her subjective symptoms. (*Id.* at 5.) But so long as the
5  ALJ's findings of specific reasons for rejecting the claimant's testimony are "supported by
6  substantial evidence," then "the Court may not second-guess his or her decision." (*Id.* at 5.)
7  Noting that Plaintiff's appeal seeks to overturn the ALJ's determination of no disability for one
8  reason only—that the ALJ improperly discounted her subjective testimony, failing to provide clear
9  and convincing reasons for doing so—Judge Major turned to summarize the four reasons the ALJ
10 articulated for discounting Plaintiff's subjective testimony about her pain and symptoms.

*A. Objective Medical Evidence*

12     First, Judge Major reviewed the ALJ's discussion of the objective medical evidence.
13 (R&R 7-10.) The ALJ adopted the limitations described by the various doctors in their reports and
14 found these limitations were inconsistent with Plaintiff's subjective testimony regarding her pain
15 and physical limitations. (*Id.* at 9.) Judge Major determined that the ALJ's finding that Plaintiff's
16 lymphedema is controlled by treatment and not disabling was supported by substantial evidence,
17 concluding that the Court should defer to that determination and uphold the decision. (*Id.* at 11.)
18 However, with respect to Plaintiff's disease of the lumbar spine, Judge Major did not reach the
19 same conclusion. Judge Major determined there was substantial evidence to support the ALJ's
20 finding that the objective medical evidence did not support Plaintiff's reported back pain
21 symptoms, but noted that this reason is insufficient to justify the ALJ's decision to discredit a
22 claimant's subjective symptom testimony without more. (*Id.* at 9.) "While the absence of
23 objective medical evidence to support Plaintiff's subjective complaints is a factor the ALJ can
24 consider in discrediting symptom testimony, it cannot be the sole factor." (*Id.*) Citing many cases
25 to support the proposition that absence of objective medical evidence alone is not sufficient, Judge
26 Major next turned to examine whether any of the other reasons provided by the ALJ justified the
27 rejection of Plaintiff's subjective testimony regarding her lumbar spine pain and symptoms. (*Id.*)
28 Ultimately, Judge Major rejected all three of the proffered reasons, as elaborated below.

### B. Conservative Treatment

Judge Major reviewed the ALJ's determination that Plaintiff's "conservative treatment" indicated Plaintiff's subjective testimony of disabling pain and symptoms should be disbelieved. (R&R 11-13.) Judge Major examined the record for evidence regarding Plaintiff's treatment, concluding that the ALJ's finding was not supported by substantial evidence. (*Id.* at 11.) Specifically, Judge Major noted that Plaintiff's treatment included medication, physical therapy, injections, and acupuncture—a regimen which hardly forecloses the conclusion it was implemented to combat severe pain. (*Id.* at 12.) Indeed, Judge Major detailed several instances in which Plaintiff had specifically requested surgery in 2003, complaining of debilitating pain, only to be told by various doctors that surgery would not improve her back pain or that her surgery options were "limited." (*Id.* at 12.) Judge Major reasoned that Plaintiff's failure to undergo surgery "does not mean that Plaintiff is not in pain or that she does not have a disabling condition." (*Id.* at 13.) From this evidence, Judge Major found the ALJ's reliance upon Plaintiff's "conservative treatment" in discounting her subjective testimony was improper. (*Id.* at 13.)

### C. Lack of Adverse Side-Effects from Medications

Judge Major also rejected the ALJ's reliance on the fact that Plaintiff's medications did not have side effects which precluded work activities in discounting her subjective claims. (*Id*. at 13-14.) Because Plaintiff never claimed to suffer any impairing side effects caused by her medication, Judge Major concluded that the ALJ could not use her lack of side effects as a basis to reject her subjective testimony, as it is irrelevant to her credibility. (*Id.*) The ALJ failed to provide any convincing reason why the lack of adverse side effects was "inconsistent with limitations that would preclude sustained work activity and is consistent with an ability to do a wide range of light work activity," which was the only explanation given by the ALJ. (*Id.* at 14.)

### D. Plaintiff's Vocational Rehabilitation Attempts

Finally, Judge Major turned to the ALJ's reliance on the fact that Plaintiff was close to finishing a vocational course and that she had been determined to be capable of returning to work. (R&R 14-16.) Judge Major concluded that the law does not allow the ALJ to "penalize Plaintiff for participating in vocational rehabilitation and attempting to work in spite of her impairments."

1  (*Id.* at 15.) As in *McCorduck v. Astrue*, 2009 WL 783354 (D. Or. March 24, 2009) and
2  *Lingenfelter v. Astrue*, 504 F.3d 1028 (9th Cir. 2007), a claimant's attempt to work in spite of her
3  impairments actually supports, rather than detracts from, the credibility of her subjective
4  testimony—barring some direct inconsistency. (*Id.* at 15.) Here, Judge Major reasoned that "[t]he
5  record does not indicate the Plaintiff did not experience pain or other stated limitations during her
6  rehabilitation or work efforts or that the performance of them proved that her pain and other
7  limitations did not exist." (*Id.*) Further, Judge Major noted that several of the reports referenced
8  by the ALJ had determined Plaintiff was capable of returning to modified work only if modified
9  duty was available. (*Id.*) Significantly, Plaintiff had previously been terminated from her job
10 because her accommodations could no longer be met. (*Id.* at 15-16.) For these reasons, Judge
11 Major concluded that Plaintiff's attempts at vocational rehabilitation did not provide a clear and
12 convincing reason for the ALJ to discredit Plaintiff's subjective testimony. (*Id.* at 16.)

*E. Conclusions*

14 Following the analysis set forth above, Judge Major concluded that only one of the reasons
15 provided by the ALJ for rejecting Plaintiff's subjective testimony was clear and convincing and
16 supported by substantial evidence. (R&R 16.) In the case of Plaintiff's lymphedema, that
17 reason—the effectiveness of the treatment utilized—provided a sufficient basis to uphold the
18 ALJ's determination. (*Id.*) However, with respect to Plaintiff's claimed disease of the lumbar
19 spine, that reason—the absence of objective medical evidence to support Plaintiff's subjective
20 complaints—cannot provide the sole basis for the ALJ's decision to discredit Plaintiff's testimony.
21 (*Id.*) Rejecting all of the ALJ's other proffered reasons, Judge Major concluded that the ALJ's
22 decision to discount Plaintiff's subjective testimony regarding her spine impairment was not
23 sufficiently supported by the record. (*Id.*) The R&R advises the Court to reverse the ALJ's denial
24 of benefits. (*Id.*) Turning finally to whether the case should be remanded or reversed, Judge
25 Major reasoned that further administrative proceedings may be helpful because the record is not
26 developed enough to suggest that an ALJ could not find additional reasons to discount Plaintiff's
27 subjective claims. (*Id.* at 16-17.) The R&R counsels the Court to remand the case for further
28 proceedings rather than simply award benefits.

**2. Analysis**

Defendant objects to Judge Major's conclusion that the ALJ's credibility analysis was flawed. The Court examines each of Defendant's specific objections in turn.

First, Defendant objects to Judge Major's conclusion that the evidence showed Plaintiff had a "good medical reason" for her conservative treatment, namely that surgery would not improve Plaintiff's pain, and argues instead that the evidence indicates Plaintiff had relief from the more conservative treatment. (Objs. 2.) But the evidence Defendant cites does not support this conclusion. Defendant points to Plaintiff's lack of symptoms as indicated by the objective medical evidence as proof that Plaintiff had a favorable response to a conservative treatment plan. (Objs. 3.) Except to the extent that it relies upon the lack of objective support for Plaintiff's claims concerning the intensity, persistence, and limiting effects of her symptoms, Defendant's argument is unconvincing. But, as discussed above, the ALJ may not rely solely on the absence of objective medical evidence to discredit Plaintiff's subjective testimony. And the Court agrees with Judge Major's reasoning that to use the type of treatment to question Plaintiff's credibility, especially when there is no indication that a more aggressive treatment would be warranted if Plaintiff's symptoms were worse, essentially amounts to "a back door finding that Plaintiff's statements are not fully corroborated by objective medical evidence." (R&R 12.) Nor does anything in the record cited by Defendant indicate that Plaintiff's condition was *improved* or her pain *reduced* by a specific treatment. For these reasons, the Court rejects Defendant's argument—premised on a lack of objective evidence of symptoms and the theoretical existence of a more aggressive treatment option—that the record supports finding Plaintiff's "conservative" treatment was successful in controlling her back pain.

In further support of its argument, Defendant cites *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) for the proposition that "[a]n ALJ may properly reject a claim of total disability, as here, where treatment notes fail to support 'the sort of description' that would be expected from a person claiming total disability." (Objs. 3.) But *Rollins* is inapposite, instructing that a court may consider treatment notes when evaluating the credibility of the testimony of the doctor who wrote the treatment notes, in a circumstance in which the doctor's testimony is inconsistent with the

1  treatment notes. *Rollins*, 261 F.3d at 856.  Using a doctor's description of a claimant in treatment
2  notes to discredit the *claimant's* subjective testimony, in contrast, is merely a specific application
3  of a lack of objective medical evidence.  To adopt the approach Defendant suggests would again
4  circumvent the rule that inconsistency with objective medical evidence cannot be the sole factor
5  for discrediting a claimant's subjective claims.  Accordingly, the Court adopts the R&R's
6  reasoning and rejects the ALJ's reliance upon a conservative treatment plan to discount Plaintiff's
7  testimony.

8        Second, Defendant objects to Judge Major's reasoning with respect to the ALJ's
9  consideration of Plaintiff's lack of adverse side effects from medication.  (Objs. 3.)  Specifically,
10 Defendant argues Judge Major was erroneously persuaded by two district court cases, *Mossett v.*
11 *Astrue*, 2008 WL 2783177, at *5 (C.D.Cal., July 17, 2008), and *Manzo v. Astrue*, 2011 WL
12 3962254, at *8 (C.D. Cal. Sept. 7, 2011), in concluding that side effects from medication may only
13 be properly considered to discount a claimant's testimony when the claimant alleges adverse side
14 effects and the evidence belies those side effects. (Objs. 3.)  Defendant argues that the pertinent
15 regulations specifically authorize the consideration of the side effects of medication where the
16 objective medical evidence fails to substantiate a claimant's assertions as to the intensity and
17 persistence of her symptoms.  (*Id.*)  However, the regulation cited by Defendant merely informs
18 claimants of other factors that may be considered in evaluating a claimant's pain or other
19 symptoms, including "[t]he type, dosage, effectiveness, and side effects of any medication you
20 take or have taken to alleviate your pain or other symptoms."  20 C.F.R. § 404.1529(c)(3)(iv).

21       The Court cannot adopt Defendant's proffered interpretation of the regulations.  The
22 factors condoned by the regulations in evaluating a claimant's symptoms, namely the
23 consideration of a medication's side effects, cannot reasonably include the inference that an
24 absence of such side effects indicates an absolute lack of pain or other symptoms.  Not only has
25 Defendant failed to provide any authority, binding or persuasive, to support its alternative
26 interpretation this regulation, but it also defies logic to suppose this regulation intends that a lack
27 of side effects weighs against the credibility of a claimant who has never claimed to have
28 experienced any such side effects.  The Court agrees with Judge Major that the ALJ failed to

explain why a lack of adverse side effects indicates Plaintiff was not credible. Consequently, the Court again adopts the R&R here and finds that the ALJ's reliance on Plaintiff's lack of side effects caused my medication was erroneous and not supported by substantial evidence.

Third, Defendant objects to Judge Major's rejection of the ALJ's reliance on Plaintiff's participation in vocational rehabilitation training. (*Id.* at 4.) Defendant argues that because Plaintiff's doctors recommended the vocational rehabilitation and had deemed her capable of returning to work, Plaintiff's participation was a clear and convincing reason to discount her testimony. (*Id.* at 4.) The Court agrees with the Judge Major's conclusion that "[a]ll the record establishes is that Plaintiff participated in a fifteen week long vocational program . . . and that she started a vocational rehabilitation course." (R&R 15.) In finding the ALJ's consideration of Plaintiff's vocational rehabilitation improper, Judge Major correctly applied the rule from *Lingerfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007), which states that an ALJ may not discredit a claimant for attempting to work in spite of her impairments, particularly where the claimant tried to work and failed. (R&R 15.) Defendant's citation of a regulation concerning consideration of treating physician's conclusions regarding a claimant's symptoms misses the point, and does nothing to alter Judge Major's reasoning. (*See* Objs. 4.) Accordingly, the Court adopts the R&R and finds the ALJ improperly relied on Plaintiff's participation in a vocational rehabilitation course to discredit her testimony.

Finally, Defendant does not seem to object to Judge Major's determination regarding remand. Accordingly, the Court reviews for legal error, finds none, and adopts the R&R's reasoning regarding the propriety of remand. (R&R 16-17.)

///
///
///
///
///
///
///

///

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Major's R&R in its entirety. Consequently, Defendant's motion for summary judgment is **DENIED**, Plaintiff's motion for summary judgment is **GRANTED IN PART**, and this case is **REMANDED** for further administrative proceedings consistent with this Order.

**IT IS SO ORDERED**.

DATED: August 30, 2012

Honorable Janis L. Sammartino
United States District Judge